SWAYZE *v.* POWELL *et al.*[*]

(Division A. April 22, 1929.)

[121 So. 852. No. 27530.]

---

[*]Corpus Juris-Cyc References: Wills, 40Cyc, p. 2058, n. 22.

*Wise & Bridgforth,* for appellant.

*Holmes & Holmes,* for appellees.

839

Cook, J. In December, 1920, H. H. Brickell, trustee under the last will and testament of J. F. Powell, deceased, filed a petition in the chancery court of Yazoo county alleging that the estate of said J. F. Powell was delinquent in the payment of the annuity due under said last will and testament to John F. Powell and Virginia B. Powell, and that petitioner was advised and believed that said annuity was a charge on the *corpus* of the said estate, and praying for a construction of said last will and testament, and that petitioner be authorized to pay to the said annuitants the amount due them out of the income and *corpus* of the estate, if the court should determine that said annuity was a charge on the *corpus* of the estate. Upon the hearing of this petition, the court adjudged that the annuity provided in the said will was a charge and lien on the *corpus,* as well as the income, of the estate, and authorized and directed the trustee to pay to John F. Powell and Virginia B. Powell the amount due them under said last will at the rate of five thousand dollars per annum, first, out of the income of the said estate, and, if that was insufficient, then out of the *corpus* of the said estate.

No further action seems to have been taken or attempted under this decree, and on the 22d day of November, 1926, the said John F. Powell and Virginia B. Powell, his wife, filed their bill of complaint against H. H. Brickell, trustee of the estate of J. F. Powell, deceased, seeking to have the amount of the annuity due them fixed, and to have this arrears of annuity adjudged to be a charge on the *corpus* of said estate, and to have sold such part of the lands of the estate, all of which were therein particularly described, as might be necessary to pay this arrears of annuity due them. On the hearing of the cause, the court granted the decree

prayed for, fixed the amount due as alleged in the bill of complaint, and ordered a sale of the lands, or so much thereof as might be necessary to pay and satisfy the amount of the annuity due the complainants, by the chancery clerk of Yazoo county, as commissioner of the court. From the decree so entered, an appeal was prosecuted to this court, and, in an opinion that is reported in 148 Miss. 491, 114 So. 328, the decree of the court below was affirmed. In that opinion the substance of the pleadings are fully set forth, and the pertinent paragraphs of the last will and testament of J. F. Powell, deceased, are copied, and therefore it will be unnecessary to repeat them here. In the opinion in *Brickell* v. *Powell, supra,* the questions decided were expressly limited to those presented by counsel for the respective parties, that is to say: (1) Whether or not the *corpus* of the estate could be subjected to the payment of the annuity; and (2) whether or not the said estate was liable for interest on the annuity in arrears.

Upon the remand of the cause to the court below, the then chancery clerk of Yazoo county, in accordance with the terms and provisions of the decree ordering the sale of so much of the lands of said estate as might be necessary to pay the annuity in arrears, advertised for sale that portion of said lands that is known as "Dixie Plantation." At this sale the appellant, D. A. Swayze, became the highest and best bidder for the said plantation, and it was struck off to him. At the next regular term of the chancery court the said commissioner reported his acts in making this sale, and prayed for a confirmation thereof. John F. Powell and Virginia B. Powell, the complainants in the original bill, and H. H. Brickell, testamentary trustee and defendant to the original bill, waived citation to answer said petition, and joined in the prayer for a confirmation of the sale. The purchaser, D. A. Swayze, appeared and interposed objections to the confirmation, assigning numerous

grounds of objection which may be summarized as follows:

(1) That the title to the land which was purported to be conveyed by said proceedings and sale was defective for the reason that neither the remainderman, nor any one of the class who might be remainderman, nor any virtual representative of them, or their interest, were made parties to the proceedings, and consequently the decree under which the sale was made was void for the lack of the necessary parties;

(2) That the title to said land was defective for the reason that the sale was not made by the chancery clerk who was in office at the date of the decree which appointed the ''chancery clerk of Yazoo county'' as commissioner to make the sale, but was made by her successor in office and was therefore void; and

(3) That the title to the land so sold was defective because the will of J. F. Powell, deceased, did not make the annuity, to satisfy which the land was sold, a lien upon the lands of the estate, and therefore the sale was without warrant of law and void.

Upon the hearing of this petition for confirmation of the sale, the objections of the purchaser were overruled, and a decree was entered confirming the sale and directing the purchaser to pay to the commissioner the amount of his bid, and, from the decree so entered, this appeal was prosecuted.

The last will and testament of J. F. Powell, deceased, was previously considered by this court in the case of *Brickell* v. *Lightcap,* reported in 115 Miss. 417, 76 So. 489. From the report of that case, it appears that in the course of executing the will the executor exhibited a petition to the chancery court under sections 2075 and 2079, Code of 1906 (sections 1818 and 1822, Hemingway's 1927 Code), for the sale of certain lands of the estate for the purpose of paying the debts of J. F. Powell, deceased. This petition was filed upon the theory that

it was to the best interest of all parties that the real estate be sold in preference to the personalty, as authorized by said section 2075, Code of 1906 (section 1818, Hemingway's 1927 Code), and only the trustees of the will were cited to answer the petition. Upon this petition a decree was entered authorizing and directing the executor to sell so much of the land of the estate as was necessary to pay the debts of the said deceased. The executor then sold to H. B. Lightcap certain plantations belonging to the estate, and the sales were duly confirmed by the court. Thereafter the trustees of the estate, and John F. and Virginia B. Powell, and other kindred of J. F. Powell, deceased, joined in a bill of complaint asking that the deeds of the executor attempting to convey the lands to Lightcap be canceled as a cloud upon their title, and that the possession be restored to the trustees in order that the trust might be continued, and the estate conserved for the contingent remaindermen; the attack upon the validity of these sales being based upon the charge that all necessary and proper parties were not before the court in the proceedings authorizing and directing such sales. On appeal from a decree upholding the validity of the sales to Lightcap, in passing upon the question as to whether or not the necessary and proper parties were before the court below, this court was called upon to construe section 2079 of the Code of 1906 (section 1822, Hemingway's Code of 1927), which reads as follows:

"*Heirs or Devisees to be Summoned.*—When a petition shall be filed to sell or lease land to pay debts or otherwise affecting the real estate of a deceased person, all parties interested shall be cited by summons or publication, which shall specify the time and place of hearing the petition; and if the petition be filed by a creditor or by a purchaser to correct a mistake in the description of the land, the executor or administrator shall be cited."

In determining who were necessary and proper parties to a proceeding to sell real estate to pay debts under the provisions of this statute that "all parties interested shall be cited by summons or publication," the court held that only persons *in esse* with a vested interest in the estate or remainder came within the classification of "parties interested," and that contingent remaindermen were not necessary and proper parties to such a proceeding to sell real estate. It was further held that, under the will whereby the testator devised the residue of his property in trust to pay a certain sum out of the rents and profits to his son and his wife for life, and provided that upon the death of the survivor the trust should terminate and the property should then vest in the children of his said son or the descendant of such children, and in the event of the death of said son without children, then upon the death of his said wife the property should vest in the testator's right heirs, the collateral kindred of the testator had only a contingent interest in the estate, and therefore were not necessary and proper parties to the proceeding. It was further held that, since the record disclosed that John F. Powell was then living and had no children, there were no persons *in esse* with a vested interest in the remainder, and since the annuitants were represented by their trustees, all necessary and proper parties were before the court.

The appellee contends that the decision in the case of *Brickell* v. *Lightcap, supra,* is controlling here upon the question of parties and has become a rule of property governing the title to the property, while the appellant contends that the case at bar is not ruled by the Lightcap case, for the reason that it is an ordinary suit in equity to fix and enforce a charge and lien on the lands of the estate and is governed by the general rules of equity with reference to proper and necessary parties, while the Lightcap case was a proceeding under the statute

to sell lands to pay debts and was governed by the statute on the question of parties.

It is not clear that any distinction can be drawn between this proceeding to fix a charge and lien on the real estate for the purpose of discharging the accumulated annuity and a proceeding to sell real estate for the purpose of paying debts, in so far as the application of section 2079, Code of 1906 (section 1822, Hemingway's 1927 Code), is concerned, since the statute expressly provides that, when a petition shall be filed to sell or lease lands to pay debts ''or otherwise affecting the real estate of a deceased person,'' all parties interested shall be cited by summons or publication. If it should be held, however, that this statute has no application to this proceeding, the general rule of equity relied upon that all persons who are materially interested, legally or equitably, in the subject-matter of a suit, should be made parties thereto, is no broader or more comprehensive than the provision of the statute that ''all parties interested shall be cited,'' and, in the case of *Brickell* v. *Lightcap, supra,* it was held that the contingent remaindermen under this will were not within the classification of parties interested in the subject-matter of the suit, which was the sale of lands of the estate, and consequently that case is, in any event, controlling upon the question of whether or not the contingent remaindermen were necessary and proper parties. In that case the court further said that at that time John F. Powell still lived and was without children, and it could not then be known whether he would die without children or descendants of children, and, since there was no person *in esse* with a vested interest in the remainder there was no person within the designation of ''parties interested,'' and consequently, no omission of necessary parties. In the case at bar, however, counsel for the appellant seems to contend that we should assume the existence of a child or children of John F. Powell and

refuse to approve the confirmation of the sale because the record does not affirmatively show that there is no such child now living. If, in fact, such a child were now living, this child would have a vested interest in the remainder and would be a necessary party, and would not be bound by this proceeding, regardless of any recitals in the record in regard to the existence or nonexistence of such a child. The appellant has attacked the sale of this land and filed his objections to the confirmation thereof on the ground of the lack of necessary parties to the proceedings, but he has not therein charged, or even suggested, the existence of a child or children of John F. Powell, and, in the absence of an affirmative showing of the existence of some person who is a necessary party, and who has not been cited, the objections cannot prevail.

The appellee next contends that the sale was void for the reason that it was not made by the individual who was chancery clerk at the date of the decree ordering the sale and appointing the chancery clerk of Yazoo county as commissioner to sell the land, but was made by F. J. Love, who was chancery clerk of the county at the time of the sale. In support of this contention, it is argued that this court will take judicial knowledge of the fact that following the date of the decree appointing a commissioner an election was held in accordance with law and a different individual from the one who held the office when the decree was rendered was elected chancery clerk of the county, and that the person making the sale as clerk was therefore not the person who was clerk at the time the decree was rendered. In the case of *Sanders* v. *State*, 141 Miss. 289, 105 So. 523, it was held that this court will take judicial notice of the beginning and ending of the terms of public officers, but not of what persons occupy the different offices of the state at any given time, but, aside from any consideration of that fact, the decree did not appoint as commissioner the particular

individual occupying the office of chancery clerk, but it appointed the chancery clerk of Yazoo county, and under this appointment the sale was properly made by the person who held the office of chancery clerk at the time the sale was made.

Finally, the appellant contends the *corpus* of the estate cannot be resorted to for the payment of the arrears of the annuity provided by the will. Counsel recognize the fact that, on the former appeal of this cause, 148 Miss. 491, 114 So. 328, it was expressly held that the annuity provided by this will is a charge and lien on the *corpus* of the estate, but they now contend that the necessary effect of the decision in the case of *Brickell* v. *Lightcap, supra,* was and is to the contrary, and that the Lightcap case is controlling upon this point. We do not so understand the language of the opinion in the Lightcap case. This question was not presented or considered in that case, and there is nothing in the language of that opinion which is decisive of the question now presented or which necessarily leads to the conclusion that the annuity is not a charge on the *corpus* of the estate. The question was fully considered in the case of *Brickell* v. *Powell,* 148 Miss. 491, 114 So. 328, and it was there held that, since the income was insufficient to pay the annuity provided by the will, resort could be had to the *corpus* of the estate for the purpose of satisfying the same, and that holding is decisive of the question that is presented on this appeal. The decree of the court below will therefore be affirmed.

*Affirmed.*